STEPHEN RIGGINS

V.

THE PEOPLE OF THE STATE OF ILLINOIS EX REL. AMY
CARPENTER.

*Bastardy—Testimony of Parties—Credibility of—Instruction as to
Weight of Testimony.*

It is not true that the oath of one witness is entitled to as much weight
as that of another, simply because both are deemed credible and an
instruction to that effect was properly refused.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Mason County; the
Hon. LYMAN LACEY, Judge, presiding.

Messrs. WRIGHT, MASTERS & WRIGHT, for appellant.

Messrs. BROWN & PITMAN, for appellee.

MR. JUSTICE BOGGS. This is an appeal from a judgment
of the Circuit Court of Mason County finding the appellant
to be the father of an illegitimate child of the relatrix. The
appellant admits that he had intercourse with the relatrix
on two occasions, but he stoutly asseverates that the last of
these favors was granted him on the 29th day of June, 1890.
The child was not born within a period of gestation begin-
ning with that date. The relatrix testified to two acts of
sexual intercourse with the appellant, one in July and the
other in August, either of which would be within the ges-
tatory period. This was the question of fact in the case.
The evidence bearing upon it was conflicting, and there is
sufficient in the proof to warrant the conclusion reached by
the jury. The judgment must therefore stand unless error
is found in the instructions given to the jury.

The only complaint in this respect is that the court refused

upon the application of the appellant to give the following instruction, viz. :

"The court instructs the jury that the law allows both the mother and the party charged with the paternity of the bastard child, to testify, and they are both competent witnesses, and the oath of one is entitled to as much weight as the other, provided you believe they are equally credible, and it is your province to weigh all the evidence and give such credit to any and all the witnesses sworn in this case as you believe they are entitled to."

It is not true that the oath of one witness is entitled to as much weight as that of another, simply because both are deemed credible. One may be corroborated while the other may fail of such support, or the memory or the means of knowledge of one may appear to the jury superior to that of the other. There are so many considerations affecting the weight of the testimony of credible witnesses that the court should not assume to control the jury by instructions as to the comparative value of their testimony. The instruction was properly refused. There is no reason why we should interfere with judgment in this case.

*Judgment affirmed.*